

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*

*Brooklyn, New York  11201-1820*

December 21, 2009

**BY ELECTRONIC COURT FILING**

Honorable Nina Gershon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:     <u>ACORN v. United States,</u> No. 09-CV-4888 (NG/LB) (E.D.N.Y.)

Dear Judge Gershon:

      We write in response to the December 15 letter from Christopher Earl Strunk, a *pro se* non-party to the above-referenced action, requesting a premotion conference in connection with his planned motion for leave to intervene as a defendant in this action pursuant to Fed. R. Civ. P. 24.

      We respectfully ask that the Court deny Strunk's request for a premotion conference on the ground that any motion that he might file seeking leave to intervene in this case would not satisfy the requirements of Fed. R. Civ. P. 11 and would be subject to denial on that ground.  Alternatively, if the Court elects to proceed with the premotion conference, we ask the Court to admonish Strunk that, even as a *pro se* litigant, he must comply with the requirements of Rule 11 and is subject to sanctions if he fails to do so.

      We likewise request that the Court bar Strunk from filing any motion in this case without paying a plaintiff's initiating filing fee, and that it correspondingly deny any application for *in forma pauperis* status under 28 U.S.C. § 1915.  As the Court is no doubt aware, Strunk is a "frequent filer" in this and other federal courts, and the vast majority of his proceedings have been dismissed as frivolous.  PACER shows 31 cases involving Strunk in the last ten years, nine of which have been in this District.  In one recent case, Judge Ross dismissed the bulk of Strunk's claims under 28 U.S.C. § 1915(e)(2)(B), finding that the facts alleged "rise to the level of the irrational or the wholly incredible . . . and that there is no legal theory on which he may rely."  *Strunk v. CIA*, No. 08-CV-1196 (ARR/LB) (E.D.N.Y. Mar. 27, 2008) (docket no. 4).  *See also Thomas v. Federal Reserve Bank*, No. 07-CV-1171 (ARR/LB)

Honorable Nina Gershon
*ACORN v. United States*, No. 09-CV-4888 (NG/LB) (E.D.N.Y.)
December 21, 2009
Page 2

(E.D.N.Y. May 29, 2007) (dismissing Strunk's complaint as frivolous and denying IFP status for purposes of appeal); *Strunk v. United States Postal Service*, No. 08-CV-1744 (ARR/LB) (E.D.N.Y. May 9 and June 13, 2008) (same); *Strunk v. New York State Bd. of Elec.*, No. 08-CV-4289 (ARR/LB) (E.D.N.Y. Oct. 30, 2008) (same).

Indeed, your Honor repeatedly dismissed Strunk's *seriatim* motions as frivolous, and ultimately dismissed the complaint as devoid of merit, in *Strunk v. United States House of Representatives*, No. 99-CV-2168 (NG/MDG) (E.D.N.Y. June 13, 2002). See also *Strunk v. Department of Housing & Urban Dev't*, No. 99-CV-6840 (NG/MDG) (E.D.N.Y. Apr. 3, 2001) (*sua sponte* dismissing claims for failure to comply with Fed. R. Civ. P. 8). And at least one judge of this Court has denied as frivolous motions by Strunk to intervene in cases to which he was not a party. *See, e.g., Torres v. New York State Bd. of Elec.*, No. 04-CV-1129 (JG/SMG) (E.D.N.Y. Apr. 18, 2006) (denying motion to intervene, and subsequently (on Feb. 13, 2007), denying IFP status for Strunk's appeal); *Green Party of New York State v. New York State Bd. of Elec.*, No. 02-CV-6465 (JG/SMG) (E.D.N.Y. Apr. 2, 2003) (same).

Regardless of Strunk's filing history, we can envision no circumstances under which Strunk could meet the requirements of Rule 24 for either of-right or permissive intervention in this case. Intervention as of right is governed by Rule 24(a), which provides that, unless a right to intervene is unconditionally granted by federal statute, a non-party has no right to intervene in a case as a plaintiff or defendant unless it shows that (1) its motion to intervene was timely filed; (2) it has an interest relating to the property or transaction that is the subject of the action; (3) it is so situated that without intervention the disposition of the action may as a practical matter impair or impede its ability to protect its interest; and (4) its interest is not adequately represented by existing parties. *See* Fed. R. Civ. P. 24(a); *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 176 (2d Cir. 2001). "All four parts of the test must be satisfied to qualify for intervention as of right." *Washington Elec. Coop., Inc. v. Massachusetts Municipal Wholesale Elec. Co.*, 922 F.2d 92, 96 (2d Cir. 1990); *accord D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) ("Denial of the motion to intervene is proper if any of these requirements is not met"); *United States v. New York*, 820 F.2d 554, 556 (2d Cir. 1987). "The moving party has the burden of demonstrating its entitlement to intervene." *Seils v. Rochester City Sch. Dist.*, 199 F.R.D. 506, 509 (W.D.N.Y. 2001).

Permissive intervention is governed by Rule 24(b), which provides that, unless a right to intervene is conditionally granted by federal statute, a court may not exercise its discretion to permit a non-party to intervene in an action unless the non-party shows that its "claim or defense . . . shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2). "The district court has broad discretion to deny an applicant's motion for intervention under Rule 24(b)(2)." *Seils*, 199 F.R.D. at 512 (citation omitted). In exercising

Honorable Nina Gershon
*ACORN v. United States,* No. 09-CV-4888 (NG/LB) (E.D.N.Y.)
December 21, 2009
Page 3

this discretion, the Court may consider "the nature and extent of the intervenor's interests, whether the intervenor's participation will contribute to a just and equitable adjudication of the issues, and whether the intervenor's [interests] are adequately represented by the parties of record." *Sharif v. New York State Educ. Dep't*, 709 F. Supp. 365, 369 (S.D.N.Y. 1989) (citation omitted); *Seils,* 199 F.R.D. at 513.

Strunk seems to be seeking to intervene largely for purposes of appealing, or seeking reconsideration of, this Court's preliminary injunction order of December 11. Given that the Government has already sought reconsideration of that order, and has also filed a notice of interlocutory appeal from it, Strunk's proposed intervention can serve no valid purpose. Moreover, Strunk may not be allowed to intervene as a defendant in this case because he has no *bona fide* individualized interest relating to the transactions that are the subject of this proceeding. The "interests" Strunk claims in his premotion conference letter – to avoid injury "by Plaintiffs involvement in the alleged racketeering enterprise otherwise properly protected by the . . . Continuing Resolution," to ensure that other "essential parties in-interest" (namely, the State Attorney General) are brought into the suit, to prevent this Court from exceeding its equity jurisdiction, and to seek your Honor's recusal – are either frivolous on their face or else are not distinguishable from any interests that the public at large has in the outcome of this case. And even if Strunk could demonstrate that he possesses such an individualized interest in the outcome of this litigation, he can make no showing that such interest will not be adequately protected by the existing defendants. Any interests implicated by this litigation will more than adequately be advanced and protected by the parties to the case.

This case raises important legal and constitutional issues, the resolution of which has the potential to affect not only the parties to this case but many non-parties, as well. But not all individuals claiming to be affected by, or interested in, the outcome of this case have a right (or should be allowed) to participate in the case as a party. Strunk's intervention, in particular, should be rejected. It would not contribute to a just and equitable adjudication of the issues in this case, but instead would be likely to distract both the Court and the parties with frivolous and tendentious litigation over collateral and inconsequential matters.

We appreciate the Court's time and considered attention to these matters.

Honorable Nina Gershon
*ACORN v. United States,* No. 09-CV-4888 (NG/LB) (E.D.N.Y.)
December 21, 2009
Page 4

Respectfully submitted,

| | |
|---|---|
| TONY WEST | BENTON J. CAMPBELL |
| Assistant Attorney General | United States Attorney |
| Civil Division | Eastern District of New York |
| | |
| IAN HEATH GERSHENGORN | |
| Deputy Assistant Attorney General | /s/ {FILED ELECTRONICALLY} |
| | F. FRANKLIN AMANAT (FA6117) |
| MICHAEL SITCOV | Assistant United States Attorney |
| PETER D. LEARY | (718) 254-6024 |
| BRADLEY H. COHEN | franklin.amanat@usdoj.gov |
| Trial Attorneys | |
| United States Department of Justice | |
| Civil Division, Federal Programs Branch | |
| 20 Massachusetts Ave., N.W., Room 7322 | |
| P.O. Box 883 | |
| Washington, D.C. 20044 | |
| (202) 514-3313 | |
| peter.leary@usdoj.gov | |

***Counsel for Defendants***

cc (by ECF notification only):
    Counsel for Plaintiffs

cc (by regular mail and e-mail):
    Christopher Earl Strunk
    593 Vanderbilt Avenue, Apt. 281
    Brooklyn, NY 11238
    chris@strunk.ws