

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*

*Brooklyn, New York  11201-1820*

April 22, 2010

**BY ELECTRONIC COURT FILING**

Honorable Nina Gershon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

    Re:    <u>ACORN v. United States</u>, No. 09-CV-4888 (NG/LB) (E.D.N.Y.)

Dear Judge Gershon:

    We write in response to the April 13, 2010, letter from Christopher Earl Strunk, a *pro se* non-party to the above-referenced action, attaching a Request to Proceed *in Forma Pauperis* with respect to Strunk's intended appeal from this Court's March 9, 2010, order (docket no. 49) denying his motion to intervene.  We respectfully ask the Court to deny Strunk's application for IFP status and to make a formal finding that any appeal from this Court's March 9 order denying intervention would not be taken in good faith.

    As a threshold matter, the Court should deny the IFP request because Strunk has not fully completed the IFP form affidavit.  *See Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983).  For example, in response to question 2 on the form, he has failed to state his actual earnings per month, whether from "self employment" or from other sources.  What is more, although he has repeatedly (and recently) run for political office, his affidavit makes no mention of these campaigns or how they were financed, nor does he explain how he managed his campaigns in the absence of any bank accounts or other assets.[1]

---

[1]    On his website, http://strunk.ws/index.html, Strunk expressly solicits funds from those who support his litigation objectives, and contributions are to be made directly to him rather than to some form of independent organization.  He also states on his website that he works part time for an attorney.  In his IFP affidavit, Strunk makes no mention of this part time work (other than to say, misleadingly, that he is "self employed in a contract") or these fundraising solicitations, or the income resulting therefrom.  It is well-established that an allegation of poverty is deemed untrue when an IFP applicant conceals a source of income in order to gain access to a court without prepayment of fees.  *See, e.g., Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 206 (7th Cir. 2002); *Dawson v. Lennon*, 797 F.2d 934, 934 (11th Cir. 1986).

By failing to properly complete item 2 and by apparently understating the value of his assets, Strunk has failed to provide this Court with a full picture of his current financial condition and has therefore given the Court no basis to assess whether he meets the criteria for indigence. On this basis alone, his request must be denied. *See* 28 U.S.C. § 1915(a)(1); *Leonard v. Lacy*, 88 F.3d 181, 183 (2d Cir. 1996); *Mathis v. New York Life Ins. co.*, 133 F.3d 546, 547 (7th Cir. 1998); *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (purpose of IFP statute is to "weed out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth"); *Cuoco v. Bureau of Prisons*, 328 F. Supp. 2d 463, 467-69 (S.D.N.Y. 2004) (applicant's "calculated omissions [from the IFP form] demonstrate a 'total disregard for the truth' about her finances, justifying dismissal"); *Chung v. Dushane*, 03 Civ. 5955, 2003 WL 22902561, at *2 (N.D. Ill. Dec. 9, 2003) ("the court system depends on the honesty and forthrightness of applicants to ensure that the privilege is not abused").

Moreover, the IFP application should be denied under 28 U.S.C. § 1915(e)(2)(B)(i) because the appeal Strunk proposes to take from the denial of his motion for intervention would not be taken in good faith. *See Nietzke v. Williams*, 490 U.S. 319, 325 (1989); *Hidalgo-Disla v. INS*, 52 F.3d 444, 446-47 (2d Cir. 1995). As the Court correctly found in its March 9 Order, there are simply no circumstances under which Strunk could meet the requirements of Fed. R. Civ. P. 24 for either of-right or permissive intervention in this case. Strunk's intervention was properly denied because he has no *bona fide* individualized interest relating to the transactions that are the subject of this proceeding. The "interests" Strunk asserted in his intervention motion are either frivolous on their face or else are not distinguishable from any interests that the public at large has in the outcome of this case. Strunk's tendentious motion, furthermore, contained a good deal of "immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f), that served to distract the Court and the parties from the significant issues at stake in this litigation. Under these circumstances, we ask the Court to enter a finding that no appeal from the order denying intervention would be taken in good faith, which would constitute an independent ground for denying IFP status. *See Nietzke*, 490 U.S. at 325 (IFP status should be denied where the complaint is "based on an indisputably meritless legal theory" or on "claims whose factual contentions are clearly baseless"); *McGann v. Commissioner of Social Security*, 96 F.3d 28, 30 (2d Cir. 1996).

Finally, Strunk is a "frequent filer" in this and other Courts, with a long history of commencing litigation against federal and state agencies. As elaborated in the government's memorandum in opposition to Strunk's intervention motion, PACER shows at least 27 cases involving Strunk in the last ten years, at least ten of which have been in this District. Almost all of his proceedings have been dismissed as frivolous. Strunk's repeated abuse of the courts and of the privilege of IFP status through the continued filing of frivolous actions,

Honorable Nina Gershon
*ACORN v. United States*, No. 09-CV-4888 (NG/LB) (E.D.N.Y.)
April 22, 2010
Page 3

intervention motions, and appeals is an additional compelling reason for the Court not to grant him IFP status for purposes of the appeal he now intends. *See, e.g., Blake v. Bentsen*, No. 95-CV-2227 (SJ), 1995 WL 428694, at *2 (E.D.N.Y. July 11, 1995) ("Congress also recognized, however, that a litigant who is not required to pay court costs or attorneys' fees may be inclined to abuse this privilege by filing meritless claims."); *see also Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal as malicious and abusive under section 1915); *Harris v. City of New York*, No. 07-CV-6939 (SAS), 2009 WL 910787, at *1 (S.D.N.Y. April 3, 2009) (denying IFP status where "plaintiff has abused that privilege by invoking *in forma pauperis* status in the past to bring numerous actions which were dismissed as being frivolous and without merit").

Both your Honor and other judges of this Court have regularly denied Strunk IFP status for purposes of appeals in other cases, based on findings that such appeals would not be taken in good faith. A similar approach is warranted under the present circumstances, and we respectfully ask the Court to deny Strunk's present application.

Respectfully submitted,

| | |
|---|---|
| TONY WEST | BENTON J. CAMPBELL |
| Assistant Attorney General | United States Attorney |
| Civil Division | Eastern District of New York |
| | |
| IAN HEATH GERSHENGORN | |
| Deputy Assistant Attorney General | /s/ {FILED ELECTRONICALLY} |
| | F. FRANKLIN AMANAT (FA6117) |
| MICHAEL SITCOV | Assistant United States Attorney |
| PETER D. LEARY | (718) 254-6024 |
| BRADLEY H. COHEN | franklin.amanat@usdoj.gov |
| Trial Attorneys | |
| United States Department of Justice | |
| Civil Division, Federal Programs Branch | |
| 20 Massachusetts Ave., N.W., Room 7322 | |
| P.O. Box 883 | |
| Washington, D.C. 20044 | |
| (202) 514-3313 | |
| peter.leary@usdoj.gov | |

***Counsel for Defendants***

Honorable Nina Gershon
*ACORN v. United States,* No. 09-CV-4888 (NG/LB) (E.D.N.Y.)
April 22, 2010
Page 4

cc (by ECF notification only):
    Counsel for Plaintiffs

cc (by regular mail and e-mail):
    Christopher Earl Strunk
    593 Vanderbilt Avenue, Apt. 281
    Brooklyn, NY 11238
    chris@strunk.ws